**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

CENTRAL LABORERS' PENSION FUND,　　　　　)
CENTRAL LABORERS' ANNUITY FUND, and　　)
CENTRAL LABORERS' WELFARE FUND,　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff(s),　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)　　**26-Cv-7530**
　　　v.　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
ANDERSON CONCRETE & CONSTRUCTION, LLC,　)
an Illinois limited liability company, and　　　　)
JOHN ANDERSON,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Defendant(s).　　　　　　　)

**COMPLAINT**

Plaintiffs Central Laborers' Pension Fund, Central Laborers' Annuity Fund, and Central Laborers' Welfare Fund (collectively "Plaintiff Funds"), by their attorneys, complain against Defendants ANDERSON CONCRETE & CONSTRUCTION, LLC and JOHN ANDERSON, as follows:

**COUNT I**
against
ANDERSON CONCRETE & CONSTRUCTION, LLC
(*Claim under ERISA for payroll compliance audit*)

1. This action arises under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145 ("ERISA"); the Labor Management Relations Act, as amended, 29 U.S.C. § 185(a) ("LMRA"); 28 U.S.C. § 1331; and federal common law.

2. Plaintiff Funds are multiemployer pension funds and welfare funds established pursuant to collective bargaining agreements between, on the one hand, the Laborers International Union of North America (the "Union") and local unions and district councils affiliated with the Union, and, on the other hand, specific employers and employer associations. The Union and its affiliated local unions and district councils are labor organizations within the meaning of the LMRA, 29 U.S.C.

§ 152(5), representing employees in an industry affecting commerce as defined by the LMRA, 29 U.S.C. § 185(a).

3. Plaintiff Funds receive fringe benefit contributions and dues payments from certain employers pursuant to collective bargaining agreements between, on the one hand, the Union and district councils and local unions affiliated with the Union, and, on the other hand, certain employer associations and employers, all on behalf of employees covered by the collective bargaining agreements. The Plaintiff Funds' right to receive fringe benefit contributions and dues payments also arises pursuant to participation agreements between the Plaintiff Funds and employers.

4. Plaintiff Central Laborers' Pension Fund is the authorized collection agent for the other Plaintiff Funds (and other affiliated funds) with respect to the collection of fringe benefit contributions.

5. ANDERSON CONCRETE & CONSTRUCTION, LLC is an Illinois limited liability company doing business in (and with its principle place of business in) the Northern District of Illinois. Venue in this district is proper under ERISA, 29 U.S.C. § 1132(e)(2); and 28 U.S.C. § 1391(b). ANDERSON CONCRETE & CONSTRUCTION, LLC is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

6. ANDERSON CONCRETE & CONSTRUCTION, LLC became a party to and bound by collective bargaining agreements with the Union (and/or one or more district councils and local unions affiliated with the Union) by virtue of its execution of one or more collective bargaining agreements. No party has terminated the collective bargaining agreements and they remain in effect.

7. By virtue of certain provisions contained in the collective bargaining agreement(s), ANDERSON CONCRETE & CONSTRUCTION, LLC became a party to and bound by the Plaintiff Funds' trust agreements.

8.      ANDERSON CONCRETE & CONSTRUCTION, LLC became a party to and bound by one or more participation agreements with the Plaintiff Funds.  Copies of signature pages of such participation agreements are attached as *Exhibit A*.  No party has terminated the participation agreements and they remain in effect.

9.      By virtue of certain provisions contained in the participation agreement(s), ANDERSON CONCRETE & CONSTRUCTION, LLC became a party to and bound by the Plaintiff Funds' trust agreements.

10.      ANDERSON CONCRETE & CONSTRUCTION, LLC became a party to and bound by the collective bargaining agreements, participation agreements, and trust agreements by virtue of its signing and submitting (and certain provisions contained in) employer contribution report forms to the Plaintiff Funds.

11.      ANDERSON CONCRETE & CONSTRUCTION, LLC became a party to and bound by the collective bargaining agreements, participation agreements, and trust agreements by virtue of its withholding of (some but not all) payroll deductions and dues consistent with the collective bargaining agreements, participation agreements, and trust agreements.

12.      ANDERSON CONCRETE & CONSTRUCTION, LLC became a party to and bound by the collective bargaining agreements, participation agreements, and trust agreements by making (some but not all) employee fringe benefit contributions and dues payments to the Plaintiff Funds.

13.      Under the terms of the collective bargaining agreements, participation agreements, and trust agreements, ANDERSON CONCRETE & CONSTRUCTION, LLC is required to make fringe benefit contributions and dues payments to the Plaintiff Funds on behalf of employees performing work covered by the collective bargaining agreement; the contributions and dues are required to be at the hourly rates indicated in the collective bargaining agreement and participation agreements. Under the terms of the agreements, ANDERSON CONCRETE & CONSTRUCTION, LLC is also

required to submit monthly remittance reports identifying, among other things, the employees covered under the collective bargaining agreement and the amount of contributions and dues to be remitted on behalf of each covered employee.

14. Pursuant to the collective bargaining agreements, participation agreements, trust agreements, ERISA, and federal common law, ANDERSON CONCRETE & CONSTRUCTION, LLC is required to provide access to such records as are necessary for Plaintiff Funds to determine whether there has been compliance with obligations to contribute to Plaintiff Funds.

15. Upon information and belief, ANDERSON CONCRETE & CONSTRUCTION, LLC has failed to make some of the contributions from time to time required to be paid by it to the Plaintiff Funds pursuant to the terms of the collective bargaining agreements, participation agreements, and trust agreements to which it is bound, all in violation of its contractual and statutory obligations.

16. ANDERSON CONCRETE & CONSTRUCTION, LLC has failed and refused to provide access to such records as are necessary for the Plaintiff Funds to determine whether there has been compliance with obligations to contribute to the Plaintiff Funds.

17. Plaintiffs have been required to employ the undersigned attorneys and auditors to compel the payroll compliance audit of the books and records of ANDERSON CONCRETE & CONSTRUCTION, LLC.

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Enter judgment against ANDERSON CONCRETE & CONSTRUCTION, LLC in favor of Plaintiffs.

B. Order ANDERSON CONCRETE & CONSTRUCTION, LLC to provide access to its records so that a payroll compliance audit can be performed to determine whether it has complied with fringe benefit contribution requirements.

C.      Order ANDERSON CONCRETE & CONSTRUCTION, LLC  to pay all fringe benefit contributions and assessment penalties that may be shown to be due after a payroll compliance audit.

D.      Order ANDERSON CONCRETE & CONSTRUCTION, LLC  to pay auditors' fees to Plaintiffs.

E.      Order ANDERSON CONCRETE & CONSTRUCTION, LLC  to pay interest, costs, and reasonable attorneys' fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

F.      Order ANDERSON CONCRETE & CONSTRUCTION, LLC to perform and continue to perform all other obligations it has undertaken with respect to Plaintiffs.

G.      Grant Plaintiffs such other and further relief as may be just.


## COUNT  II
against
ANDERSON CONCRETE & CONSTRUCTION, LLC
(*Claim under ERISA for delinquent employee fringe benefit contributions*)

1. – 13.      Plaintiff Funds reallege paragraphs 1 – 13 of Count I.

14.      Based on employer reports, employee pay records, and related documents, ANDERSON CONCRETE & CONSTRUCTION, LLC failed and refused to pay all contributions when due for the following months in accordance with the provisions of the collective bargaining agreements, participation agreements, and trust agreements.  Those late payment amounts include but may not be limited to the following:

| | |
|---|---|
| (November 2025; Local 393): | $1,724.40 |
| (December 2025; Local 393): | $2,399.80 |

15.      The participation agreements and trust agreements provide for a penalty assessment equal to 10% of the contributions unpaid on the 15th day of the month following the month for which the contributions are due (or a minimum of $25.00).  ERISA additionally provides, in 29 U.S.C. § 1132(g)(2)(C), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan,

"the court shall award the plan…liquidated damages provided for under the plan in an amount not in excess of 20 percent."

16. Because contributions were not paid when due, ANDERSON CONCRETE & CONSTRUCTION, LLC incurred 10% (or a minimum of $25.00) penalty assessments in accordance with the participation agreements and trust agreements totaling not less than the following:

| | |
|---|---|
| Assessment for late payment (November 2025; Local 393): | $172.44 |
| Assessment for late payment (December 2025; Local 393): | $239.98 |
| **Total:** | **$412.42** |

17. The total amount owed by ANDERSON CONCRETE & CONSTRUCTION, LLC to Plaintiff Funds is not less than **$412.42**.

18. ANDERSON CONCRETE & CONSTRUCTION, LLC has failed and refused to pay the amount of $412.42 known to be due to Plaintiff Funds.

19. Plaintiffs have been required to employ the undersigned attorneys to identify and pursue collection of the amount due from ANDERSON CONCRETE & CONSTRUCTION, LLC.

20. ERISA provides, in 29 U.S.C. § 1132(g)(2)(D), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…reasonable attorney's fees and costs of the action, to be paid by the defendant." The participation agreements and trust agreements also provide that employers who become delinquent in making fringe benefit contributions are liable to the Plaintiff Funds for the cost of an audit and attorney's fees and costs.

21. ERISA provides, 29 U.S.C. § 1132(g)(2)(B), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…interest on the unpaid contributions."

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Enter judgment against ANDERSON CONCRETE & CONSTRUCTION, LLC in favor of Plaintiffs.

B. Order ANDERSON CONCRETE & CONSTRUCTION, LLC to pay Plaintiff Funds not less than $412.42, plus any additional amount shown to be due.

D. Order ANDERSON CONCRETE & CONSTRUCTION, LLC to pay interest, costs, and reasonable attorneys' fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

E. Order ANDERSON CONCRETE & CONSTRUCTION, LLC to perform and continue to perform all other obligations it has undertaken with respect to Plaintiffs.

F. Grant Plaintiffs such other and further relief as may be just.

## COUNT III
against
### JOHN ANDERSON
(*Claim under ERISA for delinquent employee fringe benefit contributions*)

1. – 17. Plaintiff Funds reallege paragraphs 1 – 17 of Count I as Paragraphs 1 – 17 of this Count III.

18. – 25. Plaintiff Funds reallege paragraphs 14 – 21 of Count II as Paragraphs 18 – 25 of this Count III.

26. This Count arises from a common nucleus of operative facts with Count I and is pendent to that count.

### Breach of Contract / Trust Agreements

27. Plaintiff Funds are advised and believe that JOHN ANDERSON is the Manager, Chief Executive Officer, and Chief Operating Officer of ANDERSON CONCRETE & CONSTRUCTION, LLC and is in control of the company.

7

28. Pursuant to the collective bargaining agreements and participation agreements to which ANDERSON CONCRETE & CONSTRUCTION, LLC agreed to be bound, where there is any willful violation of any of the requirements of the trust agreements, the officers and directors of the employer shall be personally liable for any underpayment or other pecuniary loss to the Plaintiff Funds as a result of such conduct.

29. Pursuant to the trust agreements establishing the Plaintiff Funds, to which ANDERSON CONCRETE & CONSTRUCTION, LLC and JOHN ANDERSON agreed to be bound, where there is any willful violation of any of the requirements of the trust agreements, the officers and directors of the employer who supervised the completion of report forms, signed report forms, or can be determined to have had personal knowledge of such conduct, shall be personally liable for any underpayment or other pecuniary loss to the Plaintiff Funds as a result of such conduct.

30. Plaintiff Funds are informed and believe that JOHN ANDERSON did so supervise the completion of report forms, sign report forms, and had personal knowledge of the willful violations of the requirements of the trust agreements and the Collective bargaining agreement, making JOHN ANDERSON personally liable for the money owed to the Plaintiff Funds by ANDERSON CONCRETE & CONSTRUCTION, LLC.

<u>Piercing the Corporate Veil</u>

31. There is a unity of interest and ownership between ANDERSON CONCRETE & CONSTRUCTION, LLC and JOHN ANDERSON such that the separate personalities of the company and the individual no longer exist, and adherence to the fiction of a separate corporate existence would sanction a fraud, promote injustice, and promote inequitable consequences, making JOHN ANDERSON personally liable for the money owed to the Plaintiff Funds by ANDERSON CONCRETE & CONSTRUCTION, LLC.

WHEREFORE, Plaintiff Funds respectfully request that this Court:

A. Enter judgment against JOHN ANDERSON in favor of Plaintiff Funds.

B. Order JOHN ANDERSON to provide access to the records of ANDERSON CONCRETE & CONSTRUCTION, LLC so that a payroll compliance audit can be performed to determine whether it has complied with contribution requirements.

C. Order JOHN ANDERSON to pay Plaintiff Funds not less than $412.42, plus any additional amount shown to be due.

D. Order JOHN ANDERSON to pay interest, costs, and reasonable auditors' and attorneys' fees to Plaintiff Funds pursuant to 29 U.S.C. § 1132(g)(2).

E. Order JOHN ANDERSON to cause ANDERSON CONCRETE & CONSTRUCTION, LLC to perform and continue to perform all obligations it has undertaken with respect to the Plaintiff Funds.

F. Grant Plaintiff Funds such other and further relief as may be just.

Respectfully submitted,

CENTRAL LABORERS' PENSION FUND,
CENTRAL LABORERS' ANNUITY FUND, and
CENTRAL LABORERS' WELFARE FUND, and

By: /s/ *Richard A. Toth*
One of their attorneys

GEORGES & SYNOWIECKI, LTD.
20 S. Clark St., Suite 400
Chicago, IL  60603-1903
(312) 726-8797

9

From:Laborers Local 393        8157952040        04/17/2023 13:47      #319 P.004/004



16285

H

the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorney's fees and such other reasonable costs and charges as may be assessed by the Funds pursuant to the Trust Agreements and the applicable policies adopted by the Funds, including the cost of any and all payroll examinations. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions and other payments are due are subject to assessment of liquidated damages in the amount of 10% of the contributions and other payments or $25.00 minimum per remittance, to defray the increased administrative costs resulting from late payments.

10. **Designated Trustees**. The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by the governing bodies of the Funds pursuant to the Trust Agreements as heretofore and/or hereafter amended.

11. **Tax Status**. It is agreed that the Funds which accept contributions that are a deduction for income tax purposes shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

12. **Copies of CBA's**. The Employer and/or Local Union/District Council agrees that it shall, upon request of the Funds, provide a signed copy of all CBA's to the Funds to which the Employer is a signatory.

13. **Effective Date**. Unless otherwise specifically agreed to by the Employer and Funds, this Agreement shall remain in effect until terminated. This Agreement shall be terminated in the same manner and subject to the same requirements as each CBA incorporated herein; however, in order for termination of this Agreement to coincide with termination of any CBA incorporated herein, the Employer must timely provide a separate written notice of termination to the Funds that satisfies the requirements of the applicable CBA. This Agreement will be deemed terminated, *in toto*, when a timely required notice has been provided by the Employer with respect to each CBA incorporated herein and the term of each CBA incorporated herein has expired without the CBA being renewed or otherwise extended.

14. **Necessary Authority**. The Employer and the Employer's agent signing on behalf of the Employer represent and warrant that: (a) the Employer's agent identified below has full power and authority to execute and deliver this Agreement; (b) this Agreement has been duly authorized, executed and delivered on behalf of the Employer; and (c) this Agreement constitutes a legal, valid and binding obligation of the parties hereto which is enforceable against the parties in accordance with its terms.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND. TO THE EXTENT THERE EXISTS ANY CONFLICT BETWEEN PROVISIONS OF THIS PARTICIPATION AGREEMENT AND ANY PROVISIONS OF THE COLLECTIVE BARGAINING AGREEMENT, THE PARTICIPATION AGREEMENT SHALL CONTROL.

**EMPLOYER**

Anderson Concrete & Construction
Name of Business

2085 E US RT 52
Address

Serena IL 60549
City/State/Zip Code

815 405-1282
Telephone

_(signature)_
Authorized Signature

President
Title

4-11-23
Date

**CENTRAL LABORERS' FUNDS**

Keith W. Day
Authorized Signature

Executive Director
Title

**LOCAL UNION**

Territory in which Agreement signed: Local 393

Kevin Dale
Authorized Signature

Business Manager
Title

4-10-23
Date

Revised January ___, 2015.



EXHIBIT

**A**